**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                      Criminal No. 07-cr-189-4-GZS

Robert Wolffe

**ORDER OF DETENTION PENDING TRIAL**

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted on December 10, 2007, for the purpose of determining whether to detain defendant, Robert Wolffe, who has been indicted on one count of conspiracy to prevent officers of the United States from discharging their duties, one count of conspiracy to commit offenses against the United States and one count of accessory after the fact.

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community.  In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release.  18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991). For its part, the government is required to offer a preponderance of the evidence to prove risk of flight. See Patriarca, 948 F.2d at 792-93. Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2).

In the case at hand, the indictment itself constitutes probable cause to believe that the offenses charged have been committed and that the defendant has committed them.

Here, I find that the government has met its burden with regard to danger to the community.  Specifically, the crimes alleged are serious and can carry with them a sentence in excess of ten years.[1]  The weight of the evidence is overwhelming.  Wolffe admitted he knew the Browns were convicted fugitives who intended resistance by force to efforts to take them into custody.  Thereafter, Wolffe brought the Browns supplies including lines for trip wires, led shot, food and material for resistance.  According to his co-conspirator Riley, whose several proffers were born out on the ground, Wolffe watched Riley and Brown make pipe bombs and then offered to and did bring material for more pipe bombs.  He provided a car for Brown supporters' use.  he did counter-surveillance for the Browns and provided armed protection.  The video and audio Wolffe asked me to watch and listen to demonstrated that Mr. and Mrs. Wolffe, from their own mouths were part of the conspiracy to resist.  Wolffe and his

---

[1] If the pipe bombs or pipe bomb components have Wolffe's fingerprints or DNA, new charges for those could result in sentences of 30 years to life.

wife had weapons used for killing not hunting.[2]  They had enough bullets for a small army.  Their bags were packed and the weapons loaded when the marshals arrived to search.  Wolffe spent days with the Browns, in and out of their house, where the Browns kept pipe bombs, other explosive devices, grenades, dozens of guns (including two .50 caliber Serbu rifles, and thousands of bullets in open view).

Wolffe made many friends in his community and was a good neighbor.  However, whatever his good community ties, his propensity for guns and his willingness to use them to support his bizarre views make him a great danger to the community.

I am satisfied from the representations and documents offered during the hearing that no condition or combination of conditions will reasonably assure the safety of the community.

Upon full consideration of the arguments offered by the government and defense, I am satisfied that the defendant poses a danger to the community.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

---

[2] An AK 47 with loaded banana clip and loaded drum were seen on the couch and later seized from the car.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   December 13, 2007

cc:     Arnold Huftalen, Esq.
        Robert M. Kinsella, Esq.
        Paul J. Garrity, Esq.
        U.S. Marshal
        U.S. Probation